JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CINDY BARRINGER, | Case No.: SACV 22-01396-CJC (JDEx) |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 11] |
| WAL-MART STORES, INC., DANIEL VELASCO, and DOES 1-25, inclusive, | |
| Defendants. | |

## I. INTRODUCTION & BACKGROUND

In this case, Plaintiff Cindy Barringer alleges that her former employer Defendant Wal-Mart Stores, Inc. ("Wal-Mart") and her former supervisor Defendant Daniel Velasco unlawfully terminated her employment based on her disability. (Dkt. 1-1 [Complaint, hereinafter "Compl."].) In early 2021, Plaintiff began experiencing gastrointestinal issues that affected her ability to work. (*See id.* ¶¶ 11–18.) She explained to Velasco her symptoms, which included excessive nausea and continual vomiting, and told him she

was concerned about keeping her job due to the many absences her illness necessitated. (*Id.* ¶¶ 5, 14–15, 21.) Velasco repeatedly either put off a discussion with Plaintiff until later, "giving Plaintiff the runaround," or told her not to worry about it, and also told her that she did not need to provide medical documents supporting her illnesses. (*Id.* ¶¶ 18–21.) Nevertheless, Wal-Mart terminated Plaintiff's employment for her absences related to her medical issues. (*Id.* ¶ 22.) Plaintiff alleges that Defendants assessed "points" for Plaintiff's absences that eventually led to termination of her employment even though Velasco knew those absences were due to medical issues. (*Id.* ¶ 79.) Plaintiff asserts claims including wrongful termination, discrimination, retaliation, and failure to accommodate against Wal-Mart, and claims for harassment and negligent and intentional infliction of emotional distress against Wal-Mart and Velasco. (*See id.* ¶¶ 31–143.)

The parties in this case are not completely diverse. Like Plaintiff, Velasco is a citizen of California. (*See id.* ¶ 5.) Wal-Mart is a citizen of Delaware and Arkansas. (Dkt. 1 [Notice of Removal] ¶ 13.) Plaintiff brought this case in Orange County Superior Court. Wal-Mart removed, arguing that Velasco was fraudulently joined and that his citizenship should be ignored for purposes of determining diversity jurisdiction. (Dkt. 1 [Notice of Removal, hereinafter "NOR"] ¶¶ 15–16, 35.) Now before the Court is Plaintiff's motion to remand. (Dkt. 11 [Motion, hereinafter "Mot."].) For the following reasons, Plaintiff's motion is **GRANTED**.[1]

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for September 26, 2022 at 1:30 p.m. is hereby vacated and off calendar.

(internal quotations omitted). A civil action brought in state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits where more than $75,000 is in controversy if the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* If at any time before final judgment, the court determines that it lacks subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

Although diversity jurisdiction requires complete diversity of citizenship, there is an exception to that requirement "where a non-diverse defendant has been fraudulently joined." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Conversely, "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Id.* at 1044.

### III. ANALYSIS

Plaintiff asserts three claims against Velasco: harassment, intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED"). Wal-Mart contends Velasco was fraudulently joined, arguing that the claims against him cannot possibly survive because (1) Plaintiff's IIED and NIED claims are preempted by

California Workers' Compensation Act (the "WCA"), and (2) Plaintiff cannot satisfy the elements of those claims. (Dkt. 12 [Defendants' Opposition to Plaintiff's Motion to Remand, hereinafter "Opp."] at 2 –12.) The Court disagrees.

### 1. WCA Preemption

Wal-Mart argues that Plaintiff's IIED and NIED claims are preempted by the WCA. (NOR ¶ 30; Opp. at 11.) With a few exceptions not relevant here, the WCA is the "exclusive remedy" for employee actions alleging injuries "against any other employee of the employer acting within the scope of his or her employment[.]" Cal. Lab. Code § 3601(a). This includes emotional injuries. *See Livitsanos v. Superior Court*, 2 Cal. 4th 744, 753 (1992) ("[C]ompensable injuries [under the WCA] may be physical, emotional or both, so long as they are disabling."). Accordingly, "claims for emotional distress caused by the employer's conduct causing distress such as discharge, demotion, discipline or criticism" are generally "preempted by the [WCA], even when the employer's acts causing the distress are intentional or outrageous." *De Peralta v. Fox Rest. Concepts, LLC*, 2018 WL 748287, at *3 (C.D. Cal. Feb. 6, 2018) (quoting *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013)); *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 161 (2014) ("[E]motional injuries sustained in the course of employment are preempted by the workers' compensation scheme and generally will not support an independent cause of action.").

However, there are exceptions to WCA preemption for "conduct that contravenes fundamental public policy" and that "exceeds the risks inherent in the employment relationship." *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 902 (2008) (quoting *Livitsanos*, 2 Cal. 4th at 754). There is "no bright line test" for "determining what behavior is part of the employment relationship or reasonably encompassed within the compensation bargain," and what is "so far out of the normal risks of the employment

relationship as to be beyond the reach of Workers' Compensation." *Ledezma v. Walmart Inc.*, 2018 WL 6830492, at *3 (C.D. Cal. Dec. 21, 2018).  However, discrimination and retaliation fall outside the compensation bargain and therefore claims of intentional infliction of emotional distress based on discrimination and retaliation are not subject to workers' compensation exclusivity.  *Light v. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (2017); *see Saunders v. Sally Beauty Supply LLC*, 2020 WL 1847620, at *2 (C.D. Cal. Apr. 10, 2020).

A plaintiff need not perfectly allege a claim that falls outside WCA preemption in order to avoid a finding of fraudulent joinder.  Indeed, courts in this district have given significant leeway to plaintiffs whose pleadings did not explicitly tie their emotional distress claim to conduct beyond the normal employment relationship where the courts concluded it was possible that the plaintiffs could amend their pleadings to make that connection.  *See, e.g.*, *Hassler v. Talbots, Inc.*, 2019 WL 4221390, at *3 (C.D. Cal. Sept. 5, 2019) (rejecting fraudulent joinder argument based on WCA preemption because "it is *possible* for Hassler to state a claim for IIED against [the nondiverse defendant] that survives WCA preemption so long as she alleges discriminatory conduct which goes beyond the normal employment relationship") (emphasis in original); *Ledezma v. Walmart Inc.*, 2018 WL 6830492, at *4 (C.D. Cal. Dec. 21, 2018) (similar); *Golda v. Residence Inn by Marriott, LLC*, 2019 WL 102375, at *3 (C.D. Cal. Jan. 4, 2019) (rejecting fraudulent joinder argument and remanding where the plaintiff failed to "explicitly tie his IIED claim to retaliation," but "[i]f pled more carefully in a subsequent amended complaint, these theories could possibly support a cause of action for IIED that falls outside the normal employment relationship, and therefore outside of WCA preemption"); *Paleg v. Kmart Corp.*, 2017 WL 2974923, at *3 (C.D. Cal. July 11, 2017) (remanding and concluding on this issue that "there is a non-fanciful possibility that Plaintiff's IIED claim against [the nondiverse defendant] is not barred by the WCA"

because "there is still a possibility Plaintiff will be able to establish" that his termination was due to age discrimination).

Plaintiff alleges that Defendants discriminated against her, retaliated against her, and harassed her. She alleges that as a result of Defendants' conduct, she suffered "severe emotional distress, including, but not limited to, anxiety and depression." (Compl. ¶ 139.) There is a "non-fanciful possibility" that Plaintiff could amend her complaint to show that the emotional distress she suffered was due to discriminatory, retaliatory, or harassing conduct outside the normal employment relationship, if she does not already allege that sufficiently. *See Golda*, 2019 WL 102375, at \*3; *Paleg v. Kmart Corp.*, 2017 WL 2974923, at \*3; *De Peralta v. Fox Rest. Concepts, LLC*, 2018 WL 748287, at \*4 (C.D. Cal. Feb. 6, 2018) (rejecting fraudulent joinder argument based on WCA preemption because assertions that Plaintiff was terminated because of an injury were "sufficient to remove the IIED claim from the WCA's preemptive effect because they imply disability discrimination"); *Walker v. Avis Rent A Car Sys., LLC*, 2015 WL 13752943, at \*6 (C.D. Cal. July 6, 2015) (rejecting fraudulent joinder and remanding after concluding that "[b]ecause Plaintiff's IIED claim is based on the conduct that arose from alleged illegal disability discrimination, it is not preempted by the WCA"); *Barsell v. Urban Outfitters, Inc.*, 2009 WL 1916495, at \*4 (C.D. Cal. July 1, 2009) ("Because this claim is based on allegations of disability discrimination, there is a non-fanciful possibility that the workers' compensation exclusivity provisions do not bar Barsell's claim against [her manager].")

**2.     Elements of the Claims**

To state a claim for IIED, a plaintiff must show that (1) the defendant subjected him to extreme and outrageous conduct; (2) the defendant's intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff suffered

severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendant's outrageous conduct. *Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 59, 593 (1979). To be outrageous, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Trerice v. Blue Cross of Cal.*, 209 Cal. App. 3d 878, 883 (1989).

Defendants argue that Plaintiff fails to state a plausible claim for IIED because plaintiff fails to sufficiently allege that the Velasco engaged in extreme or outrageous conduct. (Opp. at 7–10.) That is not necessarily true. Plaintiff alleges that she told Velasco she was worried about getting fired for her absences, that he gave her the runaround, told her not to worry and that she did not need medical documentation, yet nevertheless assessed her "points" that led to termination of her employment. This might state a plausible claim for intentional infliction of emotional distress. Even if Plaintiff's current allegations are insufficient, it is possible that Plaintiff could cure any insufficiencies in her complaint through amendment—a possibility that has led courts to remand similar cases. *See, e.g.*, *De Peralta*, 2018 WL 748287, at *5 (internal quotations omitted). Indeed, "in other cases in which defendants have argued that a supervisor's alleged conduct was not sufficiently outrageous to support an intentional infliction of emotional distress claim, district courts applying the fraudulent joinder standard have generally found a non-fanciful possibility of liability, even where plaintiff's claim appeared relatively weak." *Id.* (citing *Burris v. AT & T Wireless, Inc.*, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

"[I]f there is *any* possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Hunter*, 582 F.3d at 1043. Because there is a non-fanciful possibility of liability against Velasco, a finding of fraudulent joinder is inappropriate.

### 3. Fees

Plaintiff asks the Court to award her the attorney fees she incurred bringing this motion. (Mot. at 24–25.) "An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). While the decision to award fees is in the Court's broad discretion, "absent unusual circumstances, courts may award attorneys' fees…only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[C]ourts have noted that part of the difficulty in relying upon workers' compensation exclusivity to satisfy the fraudulent joinder standard is the lack of certainty in the law on this subject." *Saunders*, 2020 WL 1847620, at *2 (C.D. Cal. Apr. 10, 2020). While the Court concludes that Plaintiff could assert a plausible claim against Velasco that is not preempted by the WCA, the Court does not find Wal-Mart's arguments in support of removal objectively unreasonable. An award of fees is therefore not warranted.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this case to Orange County Superior Court. Each party shall bear its own costs.

DATED:   September 19, 2022

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE